IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Grit Guard, Inc., | § § § § § § | 
| Plaintiff, | Civil Action No. 23-cv-2110 |
| v. | |
| Lifeworks Technology Group LLC | |
| Defendant. | JURY TRIAL DEMANDED |

**COMPLAINT FOR FEDERAL INFRINGEMENT OF REGISTERED MARKS;
FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION;
TRADEMARK INFRINGEMENT; UNFAIR AND DECEPTIVE TRADE PRACTICES;
AND UNJUST ENRICHMENT**

Grit Guard, Inc. ("Plaintiff" or "Grit Guard"), by its attorneys, files this Complaint for federal infringement of registered marks; federal false designation of origin and unfair competition; trademark infringement; unfair and deceptive trade practices; and unjust enrichment against Lifeworks Technology Group LLC ("Lifeworks" or "Defendant"), and alleges as follows:

**I. THE PARTIES**

1. Plaintiff Grit Guard, Inc. is a corporation organized under the laws of the State of Ohio, with its principal place of business at 3690 County Road 10, Bellefontaine, Ohio 43311.

2. Upon information and belief, Defendant Lifeworks Technology Group LLC is a limited liability company organized and existing under the laws of the State of New York, and

1

maintaining its principal place of business at 530 7th Avenue, 21st floor, New York, NY 10018. Defendant may be served through its officers and/or managing members at this location.

3. Upon information and belief, Defendant conducts business with citizens in the State of Ohio, including in this District, and throughout the United States.

## II. JURISDICTION AND VENUE

4. This action arises under the trademark laws of the United States, the Lanham Act, 15 U.S.C. § 1051 et seq., and under the statutory and common law of the State of Ohio. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and 15 U.S.C. § 1121(a).

5. Subject matter jurisdiction over the claims brought under state statutory and common law is conferred pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. This Court has personal jurisdiction over Defendant pursuant to due process and the Ohio Long Arm Statute. Defendant, directly or through its intermediaries, has conducted and conducts substantial business in this judicial district and state, and contracts to supply services or goods in this judicial district and state.

7. Upon information and belief, Defendant, directly or through its intermediaries, advertises and distributes buckets with a removable filter insert under the GRIT-GUARD mark within this district.

8. Venue is proper in this Court based on 28 U.S.C. §§ 1391(b) and (c).

## III. BACKGROUND FACTS

9. Grit Guard is an American-based manufacturer of high-quality washing systems, including washing systems comprising buckets with removable filter inserts.

10. Since at least as early as 2002, Grit Guard has made use in commerce of the

GRIT GUARD mark to identify its products and services in the U.S. and throughout the world.

11. Some of the products Grit Guard offers under the GRIT GUARD mark buckets with removable filter inserts, as well as filter inserts sold separately from buckets.

12. Grit Guard's long-standing protection and use in commerce of the GRIT GUARD mark has culminated in its exclusive and registered trademark rights in the GRIT GUARD mark.

13. Grit Guard has developed a strong commercial impression in the washing system market in connection with the GRIT GUARD mark. The wide recognition of the GRIT GUARD mark, both in the U.S. and abroad, has accumulated a large amount of valuable goodwill in the GRIT GUARD mark that belongs to Grit Guard.

14. Grit Guard has registered rights in the GRIT GUARD mark both in the U.S. and internationally.

15. Grit Guard is the owner of the following U.S. Trademark Registrations that contain or comprise the GRIT GUARD mark (see Exhibits 1 and 2 for Registration Certificates):

| Mark | Reg. No. | Reg. Date | Goods/Services |
| --- | --- | --- | --- |
| GRIT GUARD | 5,394,081 | February 6, 2018 | Bucket inserts in the nature of permeable plastic grates; Hand-operated vehicle washing systems comprised of buckets and filter inserts and parts therefor. |
| GRIT GUARD | 2,811,302 | February 3, 2004 | Bucket with filter for separating dirt, grit and abrasive material from the water used to wash vehicles such as automobiles, boats, and motorcycles. |

16. U.S. Registration Nos. 2,811,302 and 5,394,081 (collectively the "Grit Guard Registrations") were duly and legally issued and are valid and subsisting.

17. U.S. Registration No. 2,811,302 has obtained incontestable status pursuant to 15 U.S.C. § 1065.

18. Grit Guard is also the owner of common law rights in the GRIT GUARD marks, including common law rights acquired through extensive and continuous use of the GRIT GUARD marks throughout the United States. The GRIT GUARD marks used at common law and as embodied in the Grit Guard Registrations are collectively referred to herein as the "GRIT GUARD Marks."

19. Grit Guard directly sells products under its GRIT GUARD mark in many foreign countries.

20. Grit Guard has secured registered rights in the GRIT GUARD mark in various foreign jurisdictions including Europe, Brazil, Mexico, Australia, China, and Japan.

21. Both consumers and retailers in the washing system market have come to recognize that Grit Guard is the source of high-quality goods and services offered and sold under its GRIT GUARD Marks.

22. Grit Guard advertises its goods and services in various ways, including on its website www.gritguard.com, social media accounts, and on Amazon.

23. Grit Guard has expended significant time, resources, and expense in order to establish and maintain a strong web presence on its Grit Guard website.

24. Grit Guard places its GRIT GUARD mark directly on its goods, including its buckets with removable filter inserts. See, e.g., Exhibit 3.

25. Grit Guard's products are widely available and sold by many third-party distributors and retail store locations throughout the United States.

26. Grit Guard sells many of its products, including its buckets with removable filter

inserts, online through Amazon.

27. Grit Guard has expended significant resources on advertising and promoting its GRIT GUARD Marks through a variety of media, including by promoting the products in print and at trade shows within the United States, and social media. As a result, Grit Guard has developed goodwill, public recognition, and strong rights in the GRIT GUARD Marks which consumers have come to know and trust as symbols of quality and value.

### Defendant's Wrongful Activities

28. Upon information and belief, Defendant has made use, and/or continues to make use, of the GRIT GUARD mark in connection with the offering of buckets with removable filter inserts.

29. Upon information and belief, Defendant, directly or through its affiliates, has sold and/or continues to sell buckets (example 3-gallon bucket pictured below) (see also Exhibit 4) with a removable filter insert under the mark GRIT-GUARD.



30. Upon information and belief, Defendant advertises for sale buckets with

removable filter inserts under the GRIT-GUARD mark at a variety of online and brick-and-mortar retailers, including at least Big Lots, Target, and Fleet Farm. See Exhibits 4 - 6.

31. Upon information and belief, Defendant designs, manufactures and distributes buckets with a removable filter insert under the mark GRIT-GUARD for the retailer Turtle Wax, Inc., an Illinois Corporation having a principal place of business of 2250 W. Pinehurst Blvd Suite 150, Addison, IL 60101 (hereinafter, "Turtle Wax").

32. Turtle Wax is a prior customer of Grit Guard, having purchased authentic GRIT GUARD removable filter inserts from Grit Guard.

33. The buckets with removable filter inserts advertised, offered for sale, distributed, and/or sold under the GRIT-GUARD mark by Defendant are not authentic GRIT GUARD products.

34. Defendant has not received any license or authorization from Grit Guard to make use of the GRIT GUARD mark in any manner.

35. Defendant has not compensated Grit Guard for making use of the GRIT GUARD mark.

36. Upon information and belief, Defendant possesses no trademark rights in GRIT-GUARD, GRIT GUARD, or any other mark using a combination of GRIT and GUARD.

37. Defendant's buckets having a removable filter insert, which are and/or have been offered in connection with the GRIT-GUARD mark, directly overlap with the buckets having a removable filter insert Grit Guard has long provided in connection with the GRIT GUARD Marks.

38. Defendant's buckets having a removable filter insert, which are and/or have been offered in connection with the GRIT-GUARD mark, and the buckets having a removable

filter insert Grit Guard has long provided in connection with the GRIT GUARD Marks, are sold to the same classes of consumers.

39. Upon information and belief, the buckets with removable filter inserts advertised, offered for sale, distributed, and/or sold under the GRIT-GUARD mark by Defendant are advertised, offered for sale, distributed, and/or sold by Defendant in both the United States and in other countries.

40. Defendant's unauthorized use of the GRIT-GUARD mark in connection with the offering of buckets with removable filter inserts has occurred for at least several years.

41. Defendant's unauthorized use of the GRIT-GUARD mark in connection with the offering of buckets with removable filter inserts began many years after Grit Guard began use of the GRIT GUARD Marks.

42. Defendant's unauthorized use of the GRIT-GUARD mark began years after Grit Guard's GRIT GUARD Marks became well-known to consumers as source identifiers of Grit Guard's products.

43. The GRIT-GUARD mark being used by Defendant in connection with the offering of buckets with removable filter inserts is, with the exception of a single hyphen, visually identical to Grit Guard's GRIT GUARD Marks.

44. The GRIT-GUARD mark being used by Defendant is phonetically identical to Grit Guard's GRIT GUARD Marks.

45. The GRIT-GUARD mark being used by Defendant is virtually visually identical to Grit Guard's GRIT GUARD Marks.

46. Defendant's unauthorized use of GRIT-GUARD is likely to cause confusion, mistake, and/or deceive customers and potential customers as to the origin, sponsorship, or

approval of Defendant's products, or as to some affiliation, connection, or association of Defendant with Grit Guard.

47. Defendant's unauthorized use of GRIT-GUARD falsely indicates to the purchasing public that Defendant, its business, and its goods and services originate with Grit Guard, or are affiliated, connected, or associated with Grit Guard, or are sponsored, endorsed, or approved by Grit Guard, or are in some manner related to Grit Guard or its goods and services.

48. Defendant's unauthorized use of GRIT-GUARD falsely designates the origin of Defendant's goods or services, and falsely or misleadingly describes and represents facts with respect to Defendant and its goods and services.

49. Defendant's unauthorized use of GRIT-GUARD has caused, and if continued, will continue to cause extensive damage to Grit Guard's well-established GRIT GUARD brand, product sales, and goodwill in the industry.

50. Defendant's unauthorized use of GRIT-GUARD has caused, and if continued, will continue to cause extensive damage to Grit Guard in regards to both Grit Guard's domestic and international business.

51. Upon information and belief, Defendant's use of GRIT-GUARD has caused actual confusion in the marketplace.

52. Defendant's unauthorized use of GRIT-GUARD is enabling, and has enabled, Defendant to trade off and receive the benefit of goodwill that Grit Guard has acquired through 20 years of labor and expense, and to gain acceptance for Defendant's products not solely on its own merits, but on the reputation and goodwill of Grit Guard.

53. Defendant's unauthorized use of GRIT-GUARD removes Grit Guard's ability to control the nature and quality of goods and services provided under its trademarks and places

8

the valuable reputation and goodwill of Grit Guard in the hands of Defendant, over whom Grit Guard has no control.

54. Upon information and belief, Defendant has engaged in a deliberate course of conduct to misappropriate Grit Guard's GRIT GUARD Marks with full knowledge and conscious disregard of Grit Guard's rights in order to exploit Grit Guard's valuable goodwill in the industry. Thus, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

55. Unless the acts of Defendant are enjoined by this Court, Defendant will cause irreparable injury to Grit Guard and to the public for which there is no adequate remedy at law.

### COUNT I— Federal Infringement of Registered Marks
### (Lanham Act § 32, 15 U.S.C. § 1114)

56. Grit Guard incorporates as if fully rewritten herein the statements and allegations contained in the preceding paragraphs.

57. Defendant's use of the GRIT-GUARD mark constitutes an infringement of Grit Guard's federally-registered GRIT GUARD Marks, as well as Grit Guard's common law rights, and causes a likelihood of confusion, mistake, and deception of the public, causing irreparable harm to Grit Guard for which there is no adequate remedy at law.

58. The acts of Defendant complained of herein constitute unauthorized use in commerce of the federally-registered GRIT GUARD Marks in connection with the sale, offering for sale, distribution, and advertising of goods and services in violation of 15 U.S.C. § 1114.

59. Upon information and belief, Defendant's acts have been willful, deliberate, and intended to benefit Defendant at Grit Guard's expense, making this an exceptional case under 15 U.S.C. § 1117(a), and entitling Grit Guard to its attorneys' fees.

60. As a result of Defendant's actions, Defendant has been unjustly enriched and Grit Guard has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Grit Guard will continue to suffer irreparable injury and damage.

61. There is no adequate remedy at law such that an injunction protecting Grit Guard is proper.

62. Pursuant to 15 U.S.C. § 1117(a), Grit Guard should be awarded Defendant's profits, its damages sustained, and the cost of the action.

### COUNT II— Federal False Designation of Origin and Unfair Competition
### (Lanham Act § 43, 15 U.S.C. § 1125(a))

63. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

64. The acts of Defendant complained of herein constitute false designation of origin and/or sponsorship and unfair competition in violation of Section 43(a) of the Lanham Act, as codified in 15 U.S.C. § 1125(a).

65. Defendant's use of GRIT-GUARD falsely indicates that Defendant and its goods and services are connected with, sponsored by, affiliated with, or related to Grit Guard's goods and services.

66. Defendant's use of the GRIT GUARD mark causes a likelihood of confusion, mistake, and deception among the public as to the source or sponsorship of Defendant and its goods and services.

67. The public and others are likely to believe Defendant's goods and services are provided by, sponsored by, approved by, licensed by, affiliated by, or in some other way legitimately connected with Grit Guard's, which has caused, and will continue to cause, damage and irreparable harm to Grit Guard.

68. Defendant's unauthorized use of the GRIT-GUARD mark in connection with its goods and services allows Defendant to receive the benefit of Grit Guard's goodwill, which Grit Guard has established at great labor and expense, and further allows Defendant to expand its business not based on its own qualities, but on the reputation and goodwill of Grit Guard.

69. Upon information and belief, Defendant's acts have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of Grit Guard's rights in the GRIT GUARD Marks and with intent to trade off Grit Guard's vast goodwill in its GRIT GUARD Marks. Thus, this is an exceptional case under 15 U.S.C § 1117.

70. As a result of Defendant's actions, Defendant has been unjustly enriched and Grit Guard has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Grit Guard will continue to suffer irreparable injury and damage.

71. There is no adequate remedy at law such that an injunction protecting Grit Guard is proper.

72. Grit Guard is entitled to a preliminary and permanent injunction against Defendant, as well as other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorneys' fees.

### COUNT III – Trademark Infringement
### (Common Law of Ohio)

73. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth here

74. Defendant's acts as set forth herein constitute trademark infringement under the common law of Ohio as they are likely to cause confusion to consumers regarding the source and sponsorship of Defendant's goods and services.

75. As a result of Defendant's actions, Defendant has been unjustly enriched and

Grit Guard has been injured and damaged.  Unless the foregoing alleged actions of Defendant are enjoined, Grit Guard will continue to suffer irreparable injury and damage, including, but not limited to, the loss of business, competitive advantage, and goodwill.

76. There is no adequate remedy at common law such that an injunction protecting Grit Guard is proper.

### COUNT IV – Unfair and Deceptive Trade Practices
### (Ohio Revised Code § 4165.02)

77. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

78. Defendant is knowingly passing off goods or services for sale as those of Grit Guard.

79. Defendant is also knowingly making false representations as to the source, sponsorship, approval, and/or certification of goods or services for sale or lease.

80. Defendant is also knowingly making false representations as to affiliation, connection, association with or certification by another person.

81. Defendant's conduct, as more fully described herein, constitutes deceptive trade practices in violation of O.R.C. § 4165.02.

82. As a result of Defendant's actions, Defendant has been unjustly enriched and Grit Guard has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Grit Guard will continue to suffer irreparable injury and damage.

83. There is no adequate remedy at law such that an injunction protecting Grit Guard is proper.

### COUNT V – Unjust Enrichment

**(Common Law of Ohio)**

84. The allegations of the preceding paragraphs are incorporated by reference as if fully set forth herein.

85. The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Grit Guard's expense. Grit Guard has invested significant time, resources, and expense into building a successful GRIT GUARD brand since at least as early as 2002. Defendant, by appropriating the GRIT GUARD Marks, benefits and profits off of Grit Guard's labor without the cost of investment. Therefore, Defendant is unjustly enriched by benefiting from the goodwill of the GRIT GUARD brand.

86. Upon information and belief, Defendant has unjustly obtained said benefit at Grit Guard's expense and to Grit Guard's loss and detriment.

87. Upon information and belief, Defendant accepts and retains benefits at Grit Guard's expense, loss, and detriment.

88. As a result of Defendant's actions, Defendant has been unjustly enriched and Grit Guard has been irreparably injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, Grit Guard will continue to suffer irreparable injury and damage including, but not limited to loss of business, competitive advantage, and goodwill.

89. There is no adequate remedy at common law such that an injunction protecting Grit Guard is proper.

90. The potential injury to Defendant is minimal and does not outweigh the potential injuries to Grit Guard if Defendant is not enjoined.

**JURY DEMAND**

91. Grit Guard requests a jury trial of all issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Grit Guard respectfully prays the following:

a. That Defendant be found to have infringed Grit Guard's rights in the GRIT GUARD Marks, and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b. That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, and each of them be preliminarily and permanently enjoined from infringing the GRIT GUARD Marks, and from unfairly competing with Grit Guard in any manner;

c. That Defendant be ordered to file with this Court and to serve upon Grit Guard within thirty days after the entry and service on Defendant of an injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with this injunction;

d. That Defendant be required to cease use of GRIT-GUARD and any other marks infringing the GRIT GUARD Marks, in all forms, including being required to immediately and permanently remove the GRIT-GUARD mark from any of its buckets or removable filter inserts;

e. That Defendant be required to deliver up and/or destroy any and all insignias bearing the GRIT-GUARD mark, and any other mark confusingly similar to the GRIT GUARD Marks, in its possession as well as all labels, literature, signage and advertisements bearing such marks, together with any means for producing the same;

f.  That Grit Guard recover all damages it has sustained as a result of Defendant's infringement, false designation of origin, unfair competition, deceptive trade practices, and unjust enrichment, and that such damages be trebled pursuant to 15 U.S.C. § 1117(a);

g.  That Defendant be compelled to account to Grit Guard for any and all profits derived by it from its illegal acts complained of herein, and that such profits be paid over to Grit Guard, and trebled under 15 U.S.C. § 1117(a) or otherwise increased as this Court finds to be just under the circumstances of this case;

h.  That the Court declare this to be an exceptional case and award Grit Guard its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or ORC § 4165.03;

i.  That the Court grant Grit Guard any other remedy to which it is entitled as provided under Federal or State law; and,

j.  For such other relief that the Court deems proper and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  June 30, 2023 | /s/ Jeffrey S. Standley  <br>Jeffrey S. Standley (Ohio Bar #0047248)<br>F. Michael Speed, Jr.  (Ohio Bar #0067541)<br>Beverly A. Marsh (Ohio Bar #0080935)<br>Standley Law Group, LLP<br>6300 Riverside Drive<br>Dublin, Ohio 43017<br>Telephone:  (614) 792-5555<br>Facsimile:  (614) 792-5536<br>Email:  litigation@standleyllp.com<br>            jstandley@standleyllp.com<br>            mspeed@standleyllp.com<br>            bmarsh@standleyllp.com<br><br>*Attorneys for Grit Guard, Inc.* |